

# CT CORPORATION
A WoltersKluwer Company

# Service of Process Transmittal
03/10/2008
CT Log Number 513174576

**TO:** Eve Mihalakopoulos
Liberty Mutual Insurance Company
175 Berkeley Street
Boston, MA 02116

**RE:** **Process Served in New Hampshire**

**FOR:** Liberty Life Assurance Company of Boston (Domestic State: MA)
*According to our records representation services for this entity have been discontinued in this jurisdiction.*

MAR 11 2008

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Belinda Curtis, Petitioner vs. Liberty Life Assurance Company of Boston, Respondent |
| **DOCUMENT(S) SERVED:** | Letter, Order of Notice, Notice of Structuring Conference, Petition, Motion, Affidavit of Service |
| **COURT/AGENCY:** | Strafford County Superior Court, NH<br>Case # 08-E-0023 |
| **NATURE OF ACTION:** | Insurance Litigation - Denial of coverage for cochlear implant surgery and rehabilitation under Liberty Mutual Group, Inc.'s Short Term Disability Policy |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Concord, NH |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 03/10/2008 postmarked on 03/06/2008 |
| **APPEARANCE OR ANSWER DUE:** | On or before April 1, 2008 - Appearance // April 25, 2008 at 9:00 a.m. - Case Structuring Conference // May 1, 2008 - Plea/Answer/Demurrer |
| **ATTORNEY(S) / SENDER(S):** | Roger A. Sevigny, Commissioner<br>NH Insurance Department<br>21 South Fruit Street<br>Suite 14<br>Concord, NH 03301<br>603 271-2261 |
| **REMARKS:** | Even though our records indicate our services have been discontinued for Change of Agent, the NH Department of Insurance shows CT as agent. Process received by Dept. of Insurance on 03/04/08 and mailed to C T on 03/06-08. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 798892453290 |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 9 Capitol Street<br>Concord, NH 03301 |
| **TELEPHONE:** | 603-224-2341 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# THE STATE OF NEW HAMPSHIRE
# INSURANCE DEPARTMENT

21 South Fruit Street Suite 14
Concord, New Hampshire 03301

Roger A. Sevigny
Commissioner

Alexander K. Feldvebel
Deputy Commissioner

MARCH 5, 2008

CERTIFIED MAIL
7006 0810 0003 2413 7996

CT CORPORATION SYSTEM FOR
LIBERTY LIFE ASSURANCE COMPANY OF BOSTON
9 CAPITOL STREET
CONCORD, NH 03301

Dear Sir or Madam:

You are hereby notified of the service upon me as attorney for your Company of an **ORDER OF NOTICE: NOTICE OF STRUCTURING CONFERENCE: PETITION FOR DECLARATORY JUDGEMENT.**

**BELINDA CURTIS V. LIBERTY LIFE ASSURANCE COMPANY OF BOSTON**, principal defendant.

This process is brought in the **SUPERIOR** Court at **STRAFFORD COUNTY AT DOVER, NEW HAMPSHIRE: WRITTEN APPEARANCE TO BE FILED BY APRIL 1, 2008. YOU MUST ALSO FILE A PLEA, ANSWER OR DEMURRER BY MAY 1, 2008.** A copy of this process is attached.

Very truly yours,

Roger A. Sevigny
Insurance Commissioner

Enclosure

# THE STATE OF NEW HAMPSHIRE
## Strafford Superior Court
Justice & Admin Building
County Farm Road / Box 799
Dover, NH 03820
603 742-3065

**RECEIVED**

MAR 04 2008

NH INSURANCE DEPARTMENT

## ORDER OF NOTICE

BELINDA CURTIS v. LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

NO. 08-E-0023                           RETURN DAY: 04/01/2008

You have been sued and named as a party in a case filed with the Strafford Superior Court. Attached is a copy of the pleading which began this case.

BELINDA CURTIS shall notify each Defendant of the above action by serving the defendant(s) by March 17, 2008 with a copy of the pleading initiating the case, orders that the Court has already issued, and this Order in a manner allowed by law. Plaintiff shall file with the Clerk verification of the service process by April 01, 2008.

**IMPORTANT NOTICE TO LIBERTY LIFE ASSURANCE COMPANY OF BOSTON:**
You must file a written appearance form with the Clerk on or before April 01, 2008. You must also file by May 01, 2008 a plea, answer or demurrer. Send a copy of the appearance form and any other documents filed with the court to the attorney for the party filing the pleading or to the party if there is no attorney. The name and address of the attorney or the party filing the pleading is contained in the pleading. If you do not comply with these requirements you will be considered in default, you will not have an opportunity to dispute the claim(s) and the court may issue orders in this matter which may affect you without your input.

**NOTICE OF HEARING:** A Hearing on the following matters is scheduled for April 25, 2008 at 9:00 AM. in Dover:

Structuring Conference *see attached notice*

Hearing will be limited to offers of proof, 15 minutes per party. Motions for a more extended hearing will be addressed at this hearing. Parties against whom ex parte relief has been issued may request a more immediate hearing. Service of this notice must be completed by April 18, 2008 otherwise, the Court may dissolve any orders made ex parte or continue hearing to a later date.

Please advise clients, witnesses, and others that it is a class B felony to carry a firearm or other deadly weapon as defined in RSA 625:11,V in a courtroom or area used by a court.

BY ORDER OF THE SUPERIOR COURT

*Julie W. Howard*
Julie W. Howard
Clerk of Court

02/26/2008

AOC Form SUEP140 (Rev. 09/20/2001)

# THE STATE OF NEW HAMPSHIRE
## Strafford Superior Court
Justice & Admin Building
County Farm Road / Box 799
Dover, NH 03820
603 742-3065

## NOTICE OF STRUCTURING CONFERENCE

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON
175 BERKELEY STREET
BOSTON MA 02116

- 08-E-0023      BELINDA CURTIS V. LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

The Court will conduct a CASE STRUCTURING CONFERENCE in this case at the Superior Court in **Dover** on: **April 25, 2008** at **9:00 am**.

At least ten (10) days prior to the conference, all parties shall file summary statements necessary to support their respective claims, defenses or counterclaims. The summary statement shall be comprehensive and made in good faith, but shall not be admissible at trial.

Counsel, or parties if unrepresented, shall attend this conference and shall be prepared and authorized to:
1. discuss issues in the case;
2. set schedules for discovery and other case preparation;
3. discuss settlement of the case;
4. discuss Alternative Dispute Resolution;
5. set a trial date, if appropriate.

At or immediately after the Case Structuring Conference the Court shall issue a CASE STRUCTURING ORDER which may include:
a. a referral to Alternative Dispute Resolution;
b. a schedule for discovery and other case preparation, including deadlines for filing motions and pretrial statements; and
c. dates for additional conferences, motion hearings, a Trial Management Conference, jury selection and trial.

Please advise clients, witnesses, and others that it is a class B felony to carry a firearm or other deadly weapon as defined in RSA 625:11,V in a courtroom or area used by a court.

All counsel are required to comply with RSA 508:4-e.

BY ORDER OF THE SUPERIOR COURT
Julie W. Howard, Clerk

2/26/2008

cc: WILLIAM J. QUINN, ESQ

AOC Form SUCP040 (Rev. 03/31/2000)

THE STATE OF NEW HAMPSHIRE

STRAFFORD, SS                                                                 SUPERIOR COURT

BELINDA CURTIS

V.

LIBERTY MUTUAL GROUP INSURANCE COMPANY

**PETITION FOR DECLARATORY JUDGMENT**

NOW COMES the Petitioner in the above-captioned matter, Belinda Curtis, of 14 Ross Road, Durham, in the County of Strafford and State of New Hampshire, and complains against Respondent, Liberty Mutual Insurance Company, of 175 Berkeley Street, Boston, in the State of Massachusetts, stating the following:

## I. - **INTRODUCTION**

1. This action arises out of Respondent's denial of insurance coverage to Petitioner pursuant to a certain policy of insurance provided by her Employer at the Petitioner's expense, entitled and identified as " Liberty Mutual Group, Inc.'s Short Term Disability Policy" (the "Policy").

2. The Policy became effective on the Petitioner's first day of work on January 2, 2007.

3. The Petitioner underwent cochlear implant surgery on or about May 23, 2007.

4. As a result of complications of the surgery and the Petitioner's rehabilitation, the Petitioner filed for Short Term Disability pursuant to the policy.

5. Respondent declared its denial of a defense and indemnity of Petitioner by letter dated June 6, 2007.

6. The Petitioner appealed the denial to her request on or about September 18, 2007.

7. Respondent denied the appeal on or about October 24, 2007.

## II. - PARTIES

8. Petitioner is an individual who resides at 14 Ross Road, Durham, in the County of Strafford and State of New Hampshire.

9. Respondent is a Massachusetts Insurance corporation (i) with a principal place of business and office located at 172 Berkeley Street, in the City of Boston and Commonwealth of Massachusetts, (ii) a registered to do business with in the State of New Hampshire through the New Hampshire Insurance Commission located at 21 South Fruit Street, Suite 14, City of Concord and State of New Hampshire, and (iii) a registered agent declared to be the New Hampshire Insurance Commissioner.

## III. - JURISDICTION and VENUE

10. This Court has jurisdiction over the subject matter of this action pursuant to NH RSA 491:7.

11. Venue is proper before this Court in that Petitioner resides in Durham, Strafford County, New Hampshire. N.H. RSA 507:9.

## IV. - FACTUAL BACKGROUND

12. Respondent re-alleges and makes part hereof those allegations contained in the foregoing Paragraphs.

13. At all times relevant to this action, Petitioner was employed by Liberty Mutual Group, Inc.

14. Ms. Curtis ("Petitioner") is a 49 year old woman who lost her hearing after contracting mumps at the age of six (6). As a result, Petitioner has been deaf for most of her life.

15. Incident to her divorce from her husband, Petitioner was faced with the prospect of economic independence. She became successfully employed and rose through the ranks over time in spite of her hearing loss.

16. Petitioner has worn hearing aids throughout her lifetime. Prior to accepting employment with Liberty Mutual in January, 2007, Petitioner worked with an audiologist to possibly upgrade or be fitted with a new hearing aid. During her meetings with this particular audiologist, Petitioner was made aware of the possibility of cochlear implant surgery. For the first time in her life, the Petitioner was encouraged that there might be a means by which she could recover her ability to hear. Prior to the suggestion of the Audiologist that she should look into whether she would be a candidate for cochlear implants, the Petitioner was unaware that a possibility of regaining her hearing was even a possibility.

17. Petitioner began work with Liberty Mutual in January 2007. On February 1, 2007 she began to explore the possibility of whether she was a candidate for cochlear implant surgery. She learned that she was a candidate for the surgery on March 7, 2007.

18. Petitioner informed her initial supervisor of her desire to pursue the cochlear implant surgery in an effort to regain some of her hearing which, in turn, should make her more productive in the work force. Petitioner's supervisors were supportive

19. Petitioner underwent cochlear implant surgery on May 23, 2007. Within one day of the surgery, Petitioner began to experience complications. Five or six weeks following the initial surgery, Petitioner was fitted with the external sound processor. This part of the treatment led to an additional complication.

20. Petitioner learned that the process of retraining her brain to process sound was a far larger undertaking than she had originally envisioned. Rehabilitation includes teaching Petitioner to re-learn to hear sounds, and filter out background noise.

21. After surgery Petitioner was counseled by her employer, Liberty Mutual, to apply for short term disability. Her claim for short term disability was for post-surgical recovery and rehabilitation which included several set backs from surgical complications.

22. Petitioner was notified on June 26, 2007 that her request for Short Term Disability had been denied on the basis that the disability was for a pre-existing condition.

23. Petitioner appealed the denial directly to Liberty Mutual on or about September 18, 2007. She received the company's denial of her appeal on or about October 24, 2007.

## V. – APPLICABLE POLICY PROVISIONS

24. Petitioner re-alleges and makes part hereof those allegations contained in the foregoing Paragraphs.

25. The Liberty Mutual Short-Term Disability Plan provides for a continuation of an employees pay when a non work-related disability due to sickness or accident keeps the employee away from work for more than seven consecutive calendar days for up to twenty-five weeks.

26. The plan provides that all employees and regular part-time employees (if scheduled and regularly working 20 hours or more per week) on the US payroll are eligible on the first day of employment.

27. Liberty Mutual denied the Petitioner's claim on the basis of the "Pre-Existing Condition Exclusion" which states as follows:

"The policy will not cover any Disability or Partial Disability:

1. Which is caused or contributed to by, or results from a Pre-Existing Condition; and

2. Which begins in the first 12 months of a Covered Persons Effective Date, unless he received no Treatment of the condition for twelve consecutive months prior to his Effective Date."

28. A "Pre-Existing Condition" is defined to mean "a condition resulting from an injury or sickness for which the Covered Person is diagnosed or received Treatment within twelve months prior to the Covered Person's Effective Date."

29. "Treatment" is defined as "consultation, care or services provided by a Physician including diagnostic measures and taking prescription drugs and medicines."

30. In denying coverage, Respondent argues that the Pre-Existing Condition Exclusion of the Policy excludes coverage for the occurrence here at issue. The Respondent cited medical records indicating that Petitioner had visited an audiologist on three occasions, (September 13, 2006, December 8, 2006 and December 20, 2006) prior to initiating employment with the Respondent, and therefore she had received "treatment within twelve months of" her effective date. The Respondent found that these previous appointments were for the "same condition for which you are now claiming disability."

31. Respondent's interpretation of the Pre-Existing Condition Exclusion, and the Petitioner's prior treatment is unsupportable and flawed. Coverage is provided in favor of Petitioner pursuant to the coverage of the Policy.

32. The language of an insurance policy is to be interpreted "as would a reasonable person in the position of the insured based upon more than a casual reading of the policy as a whole." Trombley v. Liberty Mutual Insurance Company, 148 N.H. 748, 750-51 (2002) (citing,

Ross v. Home Ins. Co., 146 N.H. 468, 471 (2001)). "Absent a statutory provision or public policy to the contrary, an insurance company is free to limit its liability through an exclusion written in clear and unambiguous policy language." Id. (citing, Wegner v. Prudential Prop. & Cas. Ins., 148 N.H. 107, 109 (2002)). "For exclusionary language to be considered clear and unambiguous, two parties cannot reasonably disagree about its meaning." Id.; M. Mooney Corp. v. U.S. Fidelity & Guaranty Co., 136 N.H. 463, 470 (1992).

33. Respondent interprets the treatment that the Petitioner received from an audiologist in 2006 as evidence of treatment of the same condition for which she now seeks disability. In fact, the Petitioner was fitted with a new hearing aid, to replace an older one, in order to attempt to maximize her ability to hear. The audiologist was not in a position to assess whether the Petitioner was a candidate for cochlear implant surgery. During the process of being fitted with hearing aids the Audiologist did suggest that the Petitioner should look into whether she would be a surgical candidate for cochlear implants. The treatment she received in 2006 was not related to the cochlear implant surgery, or her recovery and rehabilitation afterwards.

34. Additionally, the Respondent found that the complications that Petitioner claimed were "not independent of the cochlear implant procedure, as they would not have resulted had you not undergone the surgery." Again, the Petitioner's reason for seeking short term disability was for her cochlear implant surgery and the complications, which the Respondent acknowledges, would not have occurred had she not undergone surgery

35. It appears that the Respondent has suggested that the Petitioner would not be eligible for short term disability for any illness, disability or period of incapacity for any hearing related issue because she was diagnosed with hearing loss prior to becoming employed by Liberty Mutual.

36. Should this Court find ambiguity in Policy provisions, the ambiguity is to be resolved in Petitioner's favor. "Where . . . the language of the policy reasonably may be interpreted more than one way and one interpretation favors coverage, an ambiguity exists in the policy that will be construed in favor of the insured and against the insurer." EnergyNorth Natural Gas, Inc. v. Underwriters at Lloyd's, 150 N.H. 828, 832 (2004) (citing, High Country Assoc. v. N.H. Ins. Co., 139 N.H. 39, 41 (1994)).

WHEREFORE, Petitioner prays this Honorable Court:

A. Enter a Declaratory Judgment finding the Policy provides coverage for Petitioner;

B. Enter an order that Petitioner is to be reimbursed for legal fees and costs (i) incurred in bringing forth this Petition and (ii) incurred in bringing this matter forward for Court intervention; and,

C. Grant such other relief as justice and equity require.

Dated: 1/28/08

Dated: 1/28/08

Respectfully submitted,

Belinda Curtis, Petitioner
By her Attorneys,
BRENNAN CARON LENEHAN & IACOPINO

William J. Quinn, Esq.
85 Brook Street
Manchester, New Hampshire 03104
Telephone: (603) 668-8300
FAX: (603) 668-1029

THE STATE OF NEW HAMPSHIRE
HILLSBOROUGH, SS.

    Before me, personally appeared the within-named, **Belinda Curtis**, known to me, or satisfactorily proven to be the person whose name is subscribed to the foregoing instrument, and made oath that the foregoing statements made by her are true and accurate to the best of her knowledge and belief.

Dated: __1/28/08__           _William J. Quinn_ _____
                                                Notary Public / Justice of the Peace
                                                Name: _____
                                                My Commission Expires: _____

                                                         WILLIAM J. QUINN
                                                Notary Public / Justice of the Peace
                                           My Commission Expires March 9, 2010

THE STATE OF NEW HAMPSHIRE

STRAFFORD, SS                                               SUPERIOR COURT

BELINDA CURTIS

V.

LIBERTY MUTUAL GROUP INSURANCE COMPANY

**MOTION TO AMEND PLEADINGS**

*Motion to Amend granted 2/25/05*
*Kenneth C. Brown*
*Presiding Justice*

NOW COMES the Petitioner in the above-captioned matter, Belinda Curtis, of 14 Ross Road, Durham, in the County of Strafford and State of New Hampshire,, by and through her attorneys, Brennan, Caron, Lenehan and Iacopino and moves to amend her pleadings as follows:

1. This action was filed as Belinda Curtis v. Liberty Mutual Group Insurance Company. Since filing, it has come to the Petitioner's attention that the entity which provided the Short Term Disability Policy at issue in this matter was written by Liberty Life Assurance Company of Boston.

2. As such, the Petitioner seeks to amend her Pleadings so as to reflect the legal name of the insurance company responsible for the policy at issue in this Declaratory Judgment action.

3. No service has yet been made on the Orders of Notice reflecting the incorrect name of the Respondent.

4. As brief statements have not been filed, nor has discovery been undertaken at this time, no party will suffer prejudice or harm as a result of the granting of this Motion.

WHEREFORE, Petitioner prays this Honorable Court:

A. Grant this Motion to Amend the Petitioner's Pleading to Liberty Life Assurance Company of Boston; and

B.  Issue new Orders of Notice reflecting the proper legal name of the Respondent; and,

C.  Grant such other relief as justice and equity require.

Dated: 2/21/08

Respectfully submitted,
Belinda Curtis, Petitioner
By her Attorneys,
BRENNAN CARON LENEHAN &
IACOPINO

William J. Quinn, Esq.
85 Brook Street
Manchester, New Hampshire 03104
Telephone: (603) 668-8300
FAX: (603) 668-1029

**Merrimack County Sheriff's Office**
SHERIFF SCOTT E. HILLIARD
163 North Main Street
Concord, NH 03301
Phone: 603-225-5583

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON
175 BERKELEY ST
BOSTON, MA 02116

AFFIDAVIT OF SERVICE

MERRIMACK, SS.                                         MARCH 4, 2008

I, Deputy MARK J LOOMIS, this day at _12:18_ a.m. /p.m., summoned the within named defendant LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, by leaving at the office of Roger Sevigny, Insurance Commissioner for the State of New Hampshire its true and lawful attorney for the service of process under, and by virtue of, Chapter 405-10 NH RSA as amended, two true and attested copies of this PETITION/ORDER OF NOTICE and I paid said Commissioner for the State twenty-five ($25.00) dollars as their fee for accepting service.

FEES

| | |
|---|---|
| Service | $15.00 |
| Misc. | |
|   Pd NH INSURANCE COMMISSIONER | 25.00 |
|   Postage | 1.00 |
|   Travel | 2.50 |
| TOTAL: | $43.50 |

Deputy MARK J LOOMIS
Merrimack County Sheriff's Office

A TRUE COPY ATTEST:

Mark J. Loomis, Deputy Sheriff